**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 21, 2015

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     **Re:**    *United States* v. *Antonio Olmeda*, 13 Cr. 626 (RMB)

Dear Judge Berman:

     The Government respectfully writes to address several issues relating to the sentencing scheduled for September 24, 2015.

     First, at the proceeding on September 8, 2015, the Court found that a four-point enhancement was warranted under Section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") because the Court found, by a preponderance of the evidence, that the defendant used or possessed a firearm in connection with another felony offense. Following that finding, the Court concluded that, as a result of that enhancement, the offense level was 33, resulting (with a Criminal History Category of III) in a Guidelines range of 168 to 210 months' imprisonment. (*See* Sept. 8, 2015 Tr. at 8). Insofar as the Court's calculation reflected the applicable offense level prior to a three-point reduction in the offense level for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, the Government agrees with the Court's calculation. Assuming the defendant clearly demonstrates acceptance of responsibility through the imposition of his sentence, however, the Government believes that such a reduction will apply, resulting in an offense level of 30 and a Guidelines range of 121 to 151 months' imprisonment.

     Second, although the Government agrees that the total offense level (prior to a reduction for acceptance of responsibility) is 33, the Government seeks to clarify its position as to certain provisions listed in Section 2K2.1. As the Court noted at the initial sentencing proceeding on May 21, 2015, the base offense level, under U.S.S.G. § 2K2.1(a)(3), is 22. However, the Court found at the May 21 proceeding that a six-level increase in the offense level was warranted under U.S.S.G. § 2K2.1(b)(1)(C) because the offense involved 25 to 99 firearms. The Government respectfully submits that U.S.S.G. § 2K2.1(b)(1)(B), and not § 2K2.1(b)(1)(C), applies, because the offense involved 8 to 24 firearms. Specifically, the Government believes that approximately 22 firearms were involved in the offense (*i.e.*, two firearms recovered on December 19, 2011 at

the time of the defendant's arrest; four firearms recovered pursuant to a search of the defendant's residence on or about December 19, 2011; and sixteen firearms recovered from the defendant's storage locker in Yonkers, New York on or about September 6, 2012).[1]  Because in this case the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) of U.S.S.G. § 2K2.1 may not exceed 29, *see* U.S.S.G. § 2K2.1(b), this does not change the Guidelines calculation.

Third, the defendant has previously alleged that the Government has not submitted "documentary proof" in support of the position that a four-level increase under U.S.S.G. § 2K2.1(b)(4)(B) is warranted because at least one firearm had an altered or obliterated serial number.  (*See* July 1, 2015 Def. Sent. Mem., at 2).  Both the U.S. Probation Office and the Court previously (and correctly) concluded that U.S.S.G. § 2K2.1(b)(4)(B) does apply.  Such a finding is supported by the fact that at least one of the firearms found in the defendant's storage locker on September 6, 2012 contained an obliterated serial number, as evidenced by numerous sources in the discovery that was previously provided to the defendant.  For the Court's convenience and to complete the record at sentencing, the Government has attached, as Exhibit A to this letter, a subset of the law enforcement reports reflecting the obliterated serial number.

Finally, with regard to his Criminal History Category, the defendant has objected to the addition of three points for his November 2, 1995 conviction for criminal possession of a dangerous weapon.  As set forth in the PSR, that offense involved his possession of a flame thrower, 18 pipe bombs, seven cans containing black powder, 1,100 rounds of ammunition, an Uzi machine gun, a sawed-off shotgun, a silencer, and several boxes of ammunition for the Uzi. (PSR ¶ 43).  According to the defendant, this offense should not be counted in the calculation of his Criminal History Category because it occurred more than 15 years prior to his commencement of the instant offense.  (*See* July 1, 2015 Def. Sent. Mem., at 2; U.S.S.G. § 4A1.2(e)).   As the Court previously concluded, however, the 1995 conviction was appropriately included.  The defendant was convicted on November 2, 1995 and sentenced to two-to-six years' imprisonment.  He was not paroled until October 23, 1998, and his sentence was not discharged until October 25, 2000.  Because the defendant was imprisoned for the offense until at least October 23, 1998, within 15 years of the commencement of the instant offense in December 2011, the prior offense was appropriately included in the calculation of the defendant's Criminal History Category.  *See* U.S.S.G. § 4A1.2(e) ("Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.").

In sum, for the reasons set forth above, and for the reasons previously stated on the record, the Government respectfully submits that the applicable offense level (assuming the defendant's demonstration of acceptance of responsibility through sentencing) is 30 and the applicable Criminal History Category is III, resulting in a Guidelines range of 121 to 151 months' imprisonment.  As previously set forth in the Government's March 25, 2015 sentencing

---

[1] The Government notified the U.S. Probation Office of its view that U.S.S.G. § 2K2.1(b)(1)(B), and not § 2K2.1(b)(1)(C), applies.  It is the Government's understanding that the U.S. Probation Office now agrees with the Government's position and will be issuing an amendment to the presentence investigation report ("PSR").

memorandum, the Government submits that a sentence above the Guidelines range is appropriate given the particularly serious nature of the offense, the need for adequate deterrence, and the need to protect the public from further crimes of the defendant.  The recent *Fatico* hearing only served to underscore the harm that the defendant has caused in the past and the threat that he poses to the public.  Specifically, the defendant's shooting at two police officers (which resulted in bullet fragments penetrating a pediatric dental office), his highly suspicious conduct surrounding his armed possession of the list of names of two lawyers and a judge, whom he appears to have been prepared to kill; his possession of a Last Will and Testament and his purchase of a cemetery plot; and the nature of the items he possessed in his car, his home, and his storage locker (which included not only an arsenal of high-powered weapons, but disguises, body armor and combat gear (*e.g.*, gas masks, bullet proof vests, etc.), false law enforcement credentials, city maps, and other highly suspicious items), all demonstrate the exceptional seriousness of the defendant's conduct in comparison to other gun possession cases.  Combined with the defendant's disturbing criminal history and the failure of past sentences to deter the defendant from further criminal conduct, a substantial sentence above the Guidelines range is warranted.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
    Shane T. Stansbury
    Assistant United States Attorney
    Tel.: (212) 637-2641

cc:    Marlon Kirton, Esq. (by ECF and E-mail)
       Antonio Olmeda (By Hand)

# EXHIBIT A



 Forensic Science Laboratory - Washington

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Phone:

**U. S. Department of Justice**

# IBIS Acquisition Notification

Accredited by ASCLD/LAB

Task Force Officer Cesar C. Bonilla
Bureau of Alcohol, Tobacco, Firearms and Explosives

| | |
|---|---|
| **Date of Report:** | December 28, 2012 |
| **Lab Number:** | |
| **Reference:** | |
| **Title:** | Machine Gun OLMEDA |
| **Type of Exam:** | IBIS |

The evidence described below was received from Task Force Officer Cesar C. Bonilla (hand-carried) on October 3, 2012:

<u>EXHIBITS</u>

1      One (1) Remington, caliber .308 Winchester, semi-automatic rifle, model Mohawk 600, serial number 6392565

3      One (1) Roggio Arsenal, caliber undetermined, semi-automatic rifle receiver, model RA-15, serial number RA09030570

4      One (1) Vulcan Arms, caliber .223 Remington, semi-automatic rifle, model V15, serial number 05365

5      One (1) Interarms, caliber .308 Winchester, semi-automatic rifle, model Mark X, serial number A294957

6      One (1) Norinco, caliber 7.62x39mm, semi-automatic rifle, model AK type, serial number 30348

7      One (1) Mossberg, 12 Gauge, pump action shotgun, model 500A, serial number J867696

8      One (1) Springfield Armory, caliber .45 Auto, semi-automatic pistol, model 1911-A1, serial number N452542, with one (1) ammunition magazine

10      One (1) Sig Sauer, caliber 9mm Luger, semi-automatic pistol, model SP2022, serial number SP0147496, with one (1) ammunition magazine

11      One (1) Taurus, caliber .40 S&W, semi-automatic pistol, model PT140 Pro Millennium, serial number SCX49567, with one (1) ammunition magazine

FOR OFFICIAL USE ONLY

<u>12N0633(1)</u>

13     One (1) Smith & Wesson, caliber .40 S&W, semi-automatic pistol, model 4006, serial
       number TFF3410, with one (1) ammunition magazine

15     One (1) Star, caliber 9mm Luger, semi-automatic pistol, model Firestar, serial number
       2012126, with one (1) ammunition magazine

17     One (1) Charter Arms, caliber .32 H&R Magnum revolver, model Police Undercover,
       serial number 875834

19     One (1) Springfield Armory, caliber .45 Auto, semi-automatic pistol, model 1911-A1
       Operator, serial number LW111241, with one (1) ammunition magazine

20     One (1) Walther, caliber .380 Auto, semi-automatic pistol, model PPK/S, serial number
       S163588, with one (1) ammunition magazine

22     One (1) Springfield Armory, caliber .45 Auto, semi-automatic pistol, model 1911-A1,
       serial number N519188

23     One (1) caliber .45 Auto, semi-automatic pistol, make and model undetermined,
       serial number obliterated, with one (1) ammunition magazine


<u>ENTRY INFORMATION AND INTERPRETATION OF CORRELATION</u>

Exhibits 1, 4 through 8, 10, 11, 13, 15, 17, 19, 20, 22 and 23 were test fired. The test fired specimens
were designated as 1-T1, 1-T2, 4-T1 and 4-T2 through 8-T1 and 8-T2, 10-T1, 10-T2, 11-T1, 11-T2,
13-T1, 13-T2, 15-T1, 15-T2, 17-T1, 17-T2, 19-T1, 19-T2, 20-T1, 20-T2, 22-T1, 22-T2, 23-T1 and
23-T2.

The Exhibits 1-T1, 4-T1, 5-T1, 6-T1 cartridge cases, the Exhibit 7-T1 shotshell case and the Exhibits
8-T1, 10-T1, 11-T1, 13-T1, 15-T1, 19-T1, 20-T1, 22-T1 and 23-T1 bullets and cartridge cases were
entered into the Integrated Ballistics Identification System (IBIS). A correlation of the Regions 4 and
4A databases, to include New York State and New York City, was initiated. The correlation did not
reveal any candidates for comparison. These images will be retained in the system for future
comparative purposes. You will be notified if a high confidence candidate is confirmed.

Exhibit 3 is a rifle receiver and therefore could not be test fired.

Exhibit 17 cartridge cases do not meet the acquisition criteria for IBIS entry, and Exhibit 17 bullets have
land engraved areas not suitable for IBIS entry.

FOR OFFICIAL USE ONLY

12N0633(1)

DISPOSITION OF EVIDENCE

The laboratory produced specimens (test fires) will be packaged with the original evidence and forwarded to the Firearms Technology Branch for further examination.

IBIS Technician

REVIEWED BY:

Chief, IBIS Section

FOR OFFICIAL USE ONLY

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of Investigation** F I L E

| Title of Investigation:<br>Machine Gun OLMEDA | Investigation Number: | Report Number:<br>11 |
|---|---|---|

## SUMMARY OF EVENT:

On September 6, 2012 the Yonkers Police Department executed a Search Warrant and recovered five (15) firearms from 22 Adler Street, Yonkers, NY from a storage room Antonio OLMEDA was renting.

## NARRATIVE:

1. On September 6, 2012 the owner (⬛⬛⬛⬛) of the house located at 22 Adler Street entered a storage room that was rented to Antonio OLMEDA. OLMEDA had not paid for the storage room in several months. Upon entering the owner discovered ammunition and Kevlar vest and called the Yonkers Police Department.

2. Yonkers Police Department obtained a Search Warrant for the storage room and recovered the following firearms.
   1. (1)Remington model Mohawk 600, serial# 6392565, 308 caliber Rifle
   2. (20) rounds of 308 caliber
   3. (1) Roggio Arsenal model RA-15, unknown caliber Rifle-receiver/frame
   4. (1) Vulcan Arms Inc model V15, serial # 05365, 223 caliber Rifle
   5. (1) Interarms unk model, serial#A294957, unk caliber Rifle
   6. (1) Norinco unk model, serial#30348, unk caliber Rifle
   7. (1) Mossberg model 500A serial#J867696, 12 gauge Shotgun
   8. (1) Springfiled Armory model 1911A1 serial# N452542, 45 caliber Pistol
   9. (1) 45 caliber Springfield Armory Magazine
   10. (1) Sig Sauer model SP 2022, serial#SP0147496, 9 caliber Pistol with magazine
   11. (1) Taurus model PT140 Millennium, serial#SCX49567, 40 caliber Pistol
   12. (1) 40 caliber Taurus Magazine
   13. (1) S&W model 4006, serial#TFF3410, 40 caliber Pistol
   14. (2) 40 caliber S&W Magazine
   15. (1) Star Bonifacio Echeverria model Firestar, serial#2012126, 9 caliber Pistol
   16. (1) 9 caliber Star Bonifacio Echeverria Magazine
   17. (1) Charter Arms model Police Undercover, serial#875834, 32 caliber Revolver
   18. (6) Harrington 32 caliber rounds
   19. (1) Springfield Armory model 1911A1, serial#LW111241, 45 caliber Pistol
   20. (1) Walther model PPK/S serial#S163588, 380 caliber Pistol

| Prepared by: | Title:<br>Task Force Officer, New York V (Firearms)<br>Field Office | Signature: | Date:<br>10/1/12 |
|---|---|---|---|
| Authorized by: | Title:<br>Group Supervisor, New York V (Firearms) Field<br>Office | Signature: | Date:<br>10/2/ |
| Second level reviewer (optional): | Title:<br>Special Agent in Charge, New York Field<br>Division | Signature: | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only

| Title of Investigation:<br>Machine Gun OLMEDA | | Investigation Number: | Report Number:<br>11 |

21. (1) Walther 380 caliber Magazine
22. (1) Springfield Armory model 1911A1 serial#591188, 45 caliber Pistol
23. (1) Unknown Manufacture, model, 45caliber Pistol with magazine
24. (1) Unknown manufacture 12 gauge Ammunition.

3.  Also recovered was detailed letter addressed to OLMEDA's daughter stating a package that contained $50,000.00 was buried in the ground and gave latitude and longitude coordinates.

ATF EF 3120.2 (10-2004)<br>For Official Use Only